**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

November 3, 2011

Judith L. Mathis, Esq.
Mathis & Mathis
2500 Wilson Blvd., Ste. 320
Arlington, VA   22201

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD   21201

    **Re: Elwood Douglas Wilson v. Michael J. Astrue, Commissioner of Social Security, PWG-10-723**

Dear Counsel:

    Presently pending, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Mr. Wilson's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF Nos. 10,12,17).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  A hearing is unnecessary.  Local Rule 105.6. For the reasons that follow, this Court DENIES the Commissioner's Motion and GRANTS the Plaintiff's Alternative Motion for Remand.

    Mr. Wilson (sometimes referred to as "Claimant") applied for "DIB" and "SSI" on February 23, 2007 and October 19, 2007, respectively, alleging that he was disabled as of August 26, 2007, due to injuries sustained in two separate auto accidents. Specifically he alleges he is disabled due to his status post posterior spinal fusion T10-L1, with instrumentation; total left hip replacement in 2003; open reduction and internal fixation of the left femur periprosthetic fracture; pinning of the right femoral neck fracture; right hip replacement bipolar hemiarthroplasty of the right hip; bilateral carotid artery aneurysm; and obesity. (Tr. 11, 136). His claims were denied initially, and upon reconsideration.(Tr. 59-62).   After a hearing held on February 19, 2009, before the Honorable Judith A. Showalter ("ALJ"), the ALJ denied Mr. Wilson's claims and concluded in a decision dated July 20, 2009, that the medical record establishes the existence of impairments that cause

neck, back, hip, chest, and leg pain and that these were "severe" as defined in the Regulations but these conditions did not meet, or medically equal, any of the impairments listed in the Regulations. (Tr. 11). The ALJ next found that Mr. Wilson retained the residual functional capacity ("RFC") to perform a limited range of sedentary work[1] but that he could not perform his past relevant work ("PRW"). Based on his RFC, and after receiving testimony from a vocational expert("VE"), the ALJ found that there was work available in the national and local economies which Claimant could perform. Accordingly, the ALJ found that he was not disabled. (Tr. 8-16). On January 19, 2010, the Appeals Council denied Mr. Wilson's request for review, making his case ready for judicial review. (Tr. 1-3).

Claimant argues that the ALJ erred by failing properly to consider the opinions of his treating physician, Dr. Rualo, as well as the opinions of Dr. Zamani, the non-treating, consultative examiner. The Commissioner argues that the ALJ properly assessed the opinions of Claimant's treating and examining physicians in accordance with the Regulations.

20 C.F.R. § 404.1527(d) requires the ALJ to give a treating physician's opinion controlling weight if two conditions are met: (1) it is supported by medically acceptable clinical and laboratory diagnostic techniques and (2) it is not inconsistent with the other substantial evidence in the record. *See Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). While treating source opinions on issues reserved to the Commissioner--such as determining a claimant's RFC--are not entitled to controlling weight, the ALJ still must evaluate all of the evidence in the case record to determine the extent to which the opinion is supported by the record. When the ALJ determines that a treating physician's opinion is not entitled to controlling weight, the ALJ must determine what weight, if any, to give that opinion and must give "specific reasons" in his opinion for that decision. SSR 96-2p (1996 WL 374188, *5). Further, the ALJ must consider various factors in determining what weight should be given including: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence;(4) consistency between the opinion and the record as a whole;(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the Secretary's

---

[1] The ALJ found that Claimant could only occasionally climb, balance, stoop, kneel, crouch, bend, and crawl, but he could never climb ladders, ropes, or scaffolds. (Tr. 12).

attention which tend to support or contradict the opinion. 20 C.F.R. §404.1527(d)(2)(i),(d)(2)(ii)(3)-(6); *See also* SSR 96-5p; SSR 96-2p.

After review of the record and the ALJ's decision, I cannot conclude that the ALJ properly applied the standards outlined above. In discounting all of Dr. Rualo's opinions, the ALJ stated:

> [T]he opinion is given little weight since it is not consistent with the record as a whole, nor does it reference objective testing. Dr. Rualo also provided the Maryland department of Social Services a statement regarding the claimants marked restrictions in daily living, moderate limitations in social functioning and frequent difficulty in concentration, persistence or pace(Exhibits 11F,13F,17F, and 18F). However, this opinion is given little weight because Dr. Rualo is an internal medicine specialist and not a mental health care professional, and he has not treated claimant for any mental impairments. (Tr. 14).

This distorts the record and is not an accurate description regarding the extent or length of the treatment relationship between Dr. Rualo and Mr. Wilson. At the time Dr. Rualo issued his report in 2009, Claimant had been his patient since at least 2006.(Tr. 566). Dr. Rualo acted as Claimant's primary care physician and he personally diagnosed, treated and prescribed medications for many of Claimant's various ailments. While Dr. Rualo referred Claimant to the specialists who performed his various surgeries and therapies, the medical records show that Dr. Rualo was the treating physician who monitored and coordinated the Claimant's healthcare including his pain medication management. The ALJ also failed to acknowledge that Dr. Rualo stated that the basis for his opinions was his treatment of Claimant, multiple lab tests, diagnostic scans, as well as Claimant's decreased range of motion in his major joints, anthalgic gait, use of a cane, and limited walking due to pain and dypsnea. (Tr. 459,566). The observations that Mr. Wilson walked with a cane and anthalgic gait were noted throughout the treatment notes. (Tr. 17, 425, 459-461, 464, 566-569, 632, 641,644,646). Therefore, I cannot say that the ALJ's rejection of Dr. Rualo's opinions is supported by substantial evidence especially in light of the inaccuracy in the ALJ's characterization of Dr. Rualo's treatment of Claimant through objective testing.

The ALJ also rejected the only other medical opinion that addressed the extent of Claimant's limitations. The opinions of state agency examining physician Dr. Mohammed Zamani were rejected on the basis "there is no supporting objective testing, longitudinal

history, or other evidence short of a one-time evaluation to support this finding by Dr. Zamani, nor did this physician refer to any objective testing."(Tr 14).  On April 7, 2009, Dr. Zamani examined Mr. Wilson and stated, among other things, that he was unable to walk on his tiptoes or heels, was unable to squat or get up.  Dr. Zamani also noted that the mobility in Mr. Wilson's back was "severely restricted" and that he was able to do forward flexion of the back only 40 degrees, extension 0 degree, lateral tilt 5 degrees, rotation 20 degrees but with pain. (Tr. 658).  Finally Dr. Zamani stated that Mr. Wilson could not do even "light work for a period of at least one year."  The ALJ's rejection of Dr. Zamani's opinions was based on the assumption that Dr. Zamani did not review Claimant's medical records. However there is no such statement in his report or the record as a whole to substantiate this. Further the ALJ failed to acknowledge that the doctors' findings were made after his own examination of the Claimant which confirmed the severe restriction of limitations in his back, and his inability to walk on his tiptoes, heels, or squat. Furthermore the ALJ discredited Dr. Zamani on the basis that the records of the orthopedic physician, Dr. Knox, noted "satisfactory result at one year" in September 2008. (Tr. 574). However, as late December 2008, Dr. Knox noted Claimant was having acute right hip pain and restricted range of motion and needed crutches. (Tr. 570-572).

    In sum, because I find the ALJ's basis for rejecting the opinions of Claimant's treating physician and the consultative examiner is not supported by substantial evidence, the functional limitations resulting from Claimant's severe impairments may be more limiting than those found by the ALJ, I am remanding this case for further consideration.  Thus, for the reasons given, this Court DENIES the Commissioner's Motion, REVERSES the final decision of the Commissioner and REMANDS this case to the agency for further proceedings.  A separate Order shall issue.

                Sincerely,

                /s/
                Paul W. Grimm
                United States Magistrate Judge